# IN THE COURT OF APPEALS OF IOWA

No. 17-0459
Filed May 17, 2017

IN THE INTEREST OF S.S.,
Minor Child,

K.A.O., Mother,
           Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Craig M.

Dreismeier, District Associate Judge.


A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**


Sara E. Benson of Benson Law, P.C., Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Charles K. Phillips, Assistant

Attorney General, for appellee State.

Maura C. Goaley, Council Bluffs, guardian ad litem for minor child.


Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to her child, S.S., born in 2016.[1] She contends the State failed to prove the grounds for termination cited by the district court. We may affirm if we find clear and convincing evidence to support any of the cited grounds. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

Our de novo review of the record reveals the following facts. Shortly after the child was born, the State applied to have her removed from the mother's care based on concerns that the mother was "currently going through withdrawals from methamphetamine" and "admitted to using methamphetamine during the pregnancy." The district court entered an ex parte order removing the child. The child's meconium later tested positive for amphetamines and methamphetamine.

The State petitioned to have the child adjudicated in need of assistance. Following a hearing, the district court granted the petition. At a family team meeting to assist the parents with reunification planning, the mother reported that she had attempted inpatient treatment five times, without success. She advised the department of human services she lacked many "sober supports" and was continuing to use methamphetamine. The department offered to assist her and went so far as to schedule transportation to a detoxification center. The mother did not follow through. She also failed to participate in any of the twenty scheduled drug screening tests and missed numerous visits with the child. She

---

[1] The mother has other children who were the subjects of separate juvenile court proceedings.

did not attend the dispositional and termination hearings and presented no evidence to counter the State's allegations.

On our de novo review, we are persuaded the State proved the child could not be returned to the mother's custody as required by Iowa Code section 232.116(1)(h) (2016).

The mother also argues the district court should have declined to terminate her parental rights based on the closeness of the parent-child bond. *See* Iowa Code § 232.116(3)(c). We are persuaded that the district court properly refused to invoke this exception to termination. As a department employee reported, the mother was "inconsistent in following through with offered interactions with" the child and the employee did not "observe[] a genuine effort . . . to interact or bond" with the child.

We affirm the termination of the mother's parental rights to S.S.

**AFFIRMED.**